On respondent-cross-appellant's reconsideration filed December 17, 1980,
reconsideration denied, former opinion adhered to
(40 Or App 335, 619 P2d 1302) February 3,
petition for review allowed June 9, 1981 (291 Or 117)

**NORTH PACIFIC STEAMSHIP CO.,**
*Respondent - Cross-Appellant,*
*v.*
**GUARISCO et al,**
*Appellants - Cross-Respondents,*
**SCAFIDI et al,**
*Cross-Respondents*

(No. 420-629, CA 13405)

622 P2d 1142

Bruce M. Hall, Daniel M. Ricks and Wood, Tatum,
Mosser, Brooke & Holden, Portland, for petition.

Before Joseph, Chief Judge, Warden and Warren,
Judges.

WARREN, J.

## WARREN, J.

Plaintiff has petitioned for a rehearing. One point raised by its petition was raised, but not discussed in our opinion discussion. Both in their briefs and on oral argument defendants/appellants (Guarisco, Hellenic, Inc., Pyramid Ventures Group and Pyramid Bulkhandling Inc.) conceded that personal jurisdiction existed in Oregon over Pyramid Bulkcarriers. As stated in counsel's brief:

"It is clear that under the tests adopted by the Oregon Supreme Court and the United States Supreme Court Bulkcarriers would have been amenable to jurisdiction in Oregon for the *breach of contract* under ORS 14.035. The breach of contract arose out of the isolated single business transaction which had significant contacts with Oregon. Generally speaking, one who comes into a state to negotiate a contract is amenable to that forum's jurisdiction for matters arising out of the contract. *State ex rel White v. Sulmonetti, supra.*"

\* \* \* \* \*

"It is thus beyond question that had the case ended with the breach of contract and arbitration award and judgment that no cause of action against anyone except Bulkcarriers would have been maintainable in Oregon."

While counsel's statement of the law is correct, insofar as it goes, the conclusion that the facts giving rise to jurisdiction in the contract action against PBC continue to provide a jurisdictional basis in the creditor's bill is legally erroneous. That concession ignores the proposition upon which we based our decision, i.e., that the contract action merged in the Louisiana judgment. The present suit was allegedly necessitated in order to satisfy the Louisiana judgment because assets were diverted from PBC, the judgment debtor, to the other defendants. However, none of the acts resulting in the alleged tortious diversion of assets took place in Oregon nor did those acts have economic consequences in Oregon. Accordingly we held that in this suit in equity no personal jurisdiction existed over PBC or any of the other defendants.

■■ While PBC did negotiate the contract in Oregon and Oregon would have had jurisdiction over an action on that contract, the action for breach of contract was brought in Louisiana and merged in the judgment obtained there.

The facts which could have formed a jurisdictional basis in the contract action cannot be relied upon to establish jurisdiction in this independent and different cause of suit. We decline to bind counsel to a concession of jurisdiction which we conclude was unsupported by any facts in the record and which was legally erroneous.

The petition for rehearing is denied.